HOBOLTH v GREENWAY

CONSTITUTIONAL LAW—SCHOOLS AND SCHOOL DISTRICTS—DELEGATION
    OF LEGISLATIVE AUTHORITY—STATUTES.
    A state statute permitting local school districts to offer sex
    education does not constitute an unlawful delegation of legisla-
    tive authority where the only authority the statute grants to
    school districts is administrative (MCLA 340.789 *et seq.*).

Appeal from Livingston, Paul R. Mahinske, J.
Submitted Division 2 April 2, 1974, at Lansing.
(Docket No. 15967.) Decided April 29, 1974. Leave
to appeal applied for.

Complaint by Hayes M. Hobolth for himself and
on behalf of approximately 1200 other parents
against Robert W. Greenway, President of the
Board of Education of Howell Public Schools, six
members of the Board of Education, and the Ho-
well School District for a declaratory judgment
that a statute is unconstitutional. Judgment that
the statute is constitutional. Plaintiff appeals. Af-
firmed.

*Davidow & Davidow* and *Ball & Skelly,* for
plaintiff.

*Wilfred H. Ervin,* for defendants.

Before: DANHOF, P. J., and QUINN and V. J.
BRENNAN, JJ.

QUINN, J. Plaintiff is the father of a child en-
rolled as a student in the defendant school system.

REFERENCE FOR POINTS IN HEADNOTE
68 Am Jur 2d, Schools §§ 283, 284.

He filed a complaint in his own behalf and in behalf of approximately 1200 other parents similarly situated seeking to have MCLA 340.789 *et seq.;* MSA 15.3789 *et seq.* declared unconstitutional. The trial court held the statute constitutional but it did order some modifications to the manner in which defendant school system was operating its program under the statute involved. Plaintiff appeals, as evidenced by his brief, from the judgment as to the constitutionality of the statute. The statute reads:

"Sec. 789. Sex education is the preparation for personal relationships between the sexes by providing appropriate educational opportunities designed to help the individual develop understanding, acceptance, respect and trust for himself and others. Sex education includes the knowledge of physical, emotional and social growth and maturation, and understanding of the individual needs. It involves an examination of man's and woman's roles in society, how they relate and react to supplement each other, the responsibilities of each towards the other throughout life and the development of responsible use of human sexuality as a positive and creative force.

"Sec: 789a. Any school district may engage competent instructors and provide facilities and equipment for instruction in sex education, including emotional, physical, psychological, physiological, hygienic, economic and social aspects of family life and sexual relations, as well as, socially deviant sexual behavior.

"Sec. 789b. The department of education shall:

"(a) Aid in the establishment of educational programs designed to provide pupils in elementary and secondary schools, institutions of higher education and adult education, wholesome and comprehensive education and instruction in sex education.

"(b) Establish a library of motion pictures, tapes, literature and other education materials concerning sex education available to school districts authorized to receive the materials under rules of the department.

"(c) Aid in the establishment of educational programs within colleges and universities of the state and inservice programs for instruction of teachers and related personnel to enable them to conduct effectively classes in sex education.

"(d) Recommend and provide leadership for sex education instruction established by the local school district, including guidelines for family planning information.

"Sec. 789c. Any student upon the written request of parent or guardian shall be excused from attending classes in which the subject of sex education is under discussion and no penalties as to credits or graduation shall result therefrom."

Defendant board of education elected to institute instruction on sex education in the Howell school system. Defendant board is authorized to establish the curriculum for the Howell school system, MCLA 340.114; MSA 15.3114.

Except for plaintiff's contention that the statute constitutes an unlawful delegation of legislative authority to school districts, we decline comment on plaintiff's extensive legal, philosophical, and sociological arguments on the unconstitutionality of the statute. We find it unnecessary to do so.

If the statute compelled instruction on sex education and compelled all students to take that instruction, those arguments would require analysis. Neither the establishment of a course of instruction on sex education nor attendance at such a course, if established, is compulsory. The board of education can establish the course if it wishes. If established, a student can take the course if he desires and is authorized to do so by a parent or parents. Parental authorization was one of the modifications imposed by the trial court.

With respect to plaintiff's claim that the statute constitutes an unlawful delegation of legislative

authority, we. fail to perceive any such delegation. The only authority the statute grants to school districts is administrative.

Affirmed but without costs, a public question being involved.

All concurred.